UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EON SHEPHERD,

        Plaintiff,

-v-

KINGS COUNTY DISTRICT ATTORNEY GONZALES
JUDGE MICHAEL L. PESCE, ADA DESMOND GREEN
MICHAEL BUTHCEN ESQ., ADA DONALD BERK

        Defendants.

20-CV-2675
KOMITEE, J.
BLOOM, M.J.



ALL DEFENDANT'S ARE BEING SUED IN THEIR
PERSONAL AND OFFICIAL CAPACITY

PRELIMINARY STATEMENT

plaintiff Eon Shepherd, pro se, comes before this honorable Court with a Civil Rights complaint pursuant to 42 U.S.C. §1983, & §1985, seeking compensatory, monetray damages, attorney fees as well injunction relief, for defendant's failure to honor their contract/plea agreement and/or promises, in violation of plaintiff's due process constitutional rights, violating his 6th, 14th, 8th Amendment rights.

VENUE

The unlawful acts occurred in the Eastern District, therefore venue is proper under 28 U.S.C. §1391(b).

PARTIES TO THIS ACTION

1. Plaintiff Eon Shepherd, at all times mentioned herein, is a prisoner serving an indeterminate sentence in the New York State Department of Correctional and Community Supervision, (DOCCS) and is currently located at Green Haven Correctional Facility, P.O. box 4000, Stormville, NY 12582.

2. Defendant Eric Gonzales, is the District Attorney of Kings County and is legally responsible for the overall operation of the Kings County District Attorney's Office, and is responsible for all its employees, as well as his predecessors action/inactions and decisions made on behalf of the office that he holds, whereas, under indictment number 1985/86, the Kings County District Attorney's office made a plea agreement/contract that in exchange for plaintiff's guilty plea, he would receive a sentence of 6-months, 5-years probation with Youthful Offender status. The Kings County District Attorney's office broke the plea agreement/contract by not fulfilling their agreement/contract, which caused the constitutional violations and illegal conviction and sentence which has and is being used to enhance the sentence Plaintiff is currently serving.

3. Defendant Desmond Green was assigned as a Assistant District Attorney in the years of 1987, representing the office of the Kings County District Attorney, entered into a contract/plea agreement on behalf of the Kings County District Attorney's Office, which induced plaintiff into changing his plea to guilty for a specific sentence, and defendant Green broke the contract/plea agreement, failing to honor the plea agreement/contract, causing the violation of Plaintiff's constitutional right rendering his conviction and sentence illegal and unconstitutional which is being used to enhance plaintiff's current sentence.

4. Defendant Michael L. Pesce, is a Supreme Court Justice assigned to Kings County Court, who made a promise to plaintiff in the year of 1987, misrepresenting to plaintiff that he would be allowed to withdraw his guilty plea once it was discovered that plaintiff was on probation for a previous matter, and once it was confirmed that plaintiff was on probation, defendant Pesce never honored his promise causing plaintiff's conviction and sentence to be unconstitutional as well illegal, whereas said conviction is currently being used to enhance plaintiff's current sentence.

5. Defendant Donald Berk was assigned as an Assistant District Attorney in the years of 1987, representing the office of the Kings County District Attorney, whose office entered into a contract/plea agreement which induced plaintiff into changing his plea to guilty for a specific sentence, and defendant Berk broke the contract/plea agreement, failing to honor the plea agreement/contract, causing the violation of Plaintiff's constitutional right rendering his conviction and sentence illegal and unconstitutional under indictment number 1985/86 which is being used to enhance plaintiff's current sentence.

6. Defendant Michael Butchen Esq., is/were the attorney the represented plaintiff under indictment number 1985/86, and had a legal responsibility to secure plaintiff's rights and failed to do so when he induced plaintiff into changing his plea to guilty in exchange for a promised sentence from the Kings County District Attorney's Office, and failed to ensure the plea agreement/contract was honored, and further misrepresented to plaintiff the maximum

amount of time he could have received, and that an appeal had been filed, failing to conduct any investigation into plaintiff's alibi witnesses or his prior case, which caused plaintiff's sentence and conviction to be unconstitutional and illegal, whereas the conviction under indictment number 1985/86 has been and is being used to enhance plaintiffs current sentence..

PREVIOUS LAWSUIT

Shepherd v. Fraisher, Docket #96CV3283; Dismissed, Judge Koelt
Shepherd v. Neil, Docket #96CV2752, setteled, Judge, L.A.K.
Shepherd v. Ortiz, Docket #96Cv2661; Settled, Judge J.E.S.
Shepherd v. Sanchez, Docket #96CV9012, Settled, Judge Preska
Shepherd v. Portunda, Docket #00CV0228; Dismissed, Judge G.J.D.
Shepherd v. Hogan, Docket #99CV1275; Settled, Judge G.J.D.
Shepherd v. Goord, Docket #04Cv0655; Jury verdict; Judge D.N.H.
Shepherd v. Fischer, Docket #08CV9207; Pending, Judge Ellis
Shepherd v. Smith, Docket #15CV0665, Jury Verdict
Shepherd v. Fischer, Docket #10CV1524, pending
Shepherd v. Conroy, Docket #95CV8358, Dismissed,
Shepherd v. Harwood, Docket #96CV6813, Dismissed,
Shepherd v. Lempke, Docket #10CV1524, Pending,
Shepherd v. Annucci, Docket #15CV6654, Appeal Affirmed.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff once learning of the herein constitutional violation sought to have these violations corrected by filing a writ of error coran nobis, that was denied, and thereafter file a motion to vacate the judgment pursuant to CPL 440.10, and 440.20, that was denied.

## STATEMENT OF FACTS

8. On 3/27/86, plaintiff was arrested and charged with criminal possession of a weapon, and attempt robbery in the second degree under indictment number 1985/86. He was assigned a legal aid attorney defendant Butchen.

9. Plaintiff made defendant Butchen aware that he was not guilty of the charges and explained that he was on the bus speaking to this jewish man by the name of Simon, who exited the bus with plaintiff at the same stop, walked several feet up the street and Simon entered a house. Plaintiff continued walking where couple guys from the neighborhood ran pass him as police officers came running around the corner, approached plaintiff with guns drawn, pointing them at him and placed him under arrest. A police car pulled up, two spanish females exited the car, pointed in plaintiff's direction, got back in the police car, and left.

10. Plaintiff was standing on the sidewalk handcuffed when the man Simone he was on the bus with came out his house, and I heard him ask the officer what was going on, and the officer said that I robbed someone. Simon told the officer that it was not possible because I just got off the bus several minutes ago with him. The officer said that I was wearing the same jacket as one of the robbers were wearing. I was then taken to the prescient.

11. Plaintiff further explained that while he was at the prescient, Mr. Dale francis and couple family members told the officer who the persons were that actually attempted to commit the

5

crime, and how they were aware of this. The officers ordered plaintiff's cousins and friends to leave the precinct. Plaintiff gave the address for Simon the man that he was on the bus with as well as his cousins and friend's address.

12. On April 22, 1987, defendant Butchen came and spoke to plaintiff where he asked whether he conducted an investigation into his case and contacted the witnesses that I gave him. Defendant Butchen said he did not and I gave him my witness Simon phone number as well address and asked whether he had investigated the actual perpetrators of the crime, and I was told that he was looking into it.

13. Defendant Butchen said that the Assistant District Attorney (ADA) had made an offer of 6-months, 5-years probation with Youthful Offender (Y/O) status, and my case would be sealed. Plaintiff rejected the offer. Mr. Butchen told me that I would be able to go home with my family who were in the courtroom. Plaintiff still refused, and was told by his attorney that his Aunt and grandmother wanted to speak to him.

14. Plaintiff was lead into the courtroom where ADA Green came over, and my attorney introduced him. ADA Green stated that the plea deal of 6-months, 5-years probation with Y/O was a good deal, and if I take the deal I can go home with my family after court. Plaintiff was allowed to speak to his Aunt and Grandmother who said that they were told that I can go home if I take the plea deal, and my attorney promised them this.

15. Plaintiff told defendant Butchen that he would take the plea but he was on probation for a prior matter, and did not want

to plead guilty because of this. Defendant Butchen stated to plaintiff, not to worry about it because his records does not show him being on probation and there is no documentation of this. I stated that I was and Mr. Butchen said that he will ask the judge to allow me to withdraw my plea if it is discovered that I was on probation. I agreed to change my plea.

16. Defendant Butchen and Green went, spoke to defendant Pesce for several minutes and when Mr. Butchen returned to the table, he stated that the Judge was on board with the plea deal. My case was called and I changed my plea to guilty, was allocuted. During the allocution, defendant Butchen asked defendant Pesce if he would allow me to withdraw my guilty plea if it is confirmed that I was on probation for a previous matter. Defendant Pesce said he would, and during the allocution, the judge asked defendant Green for his recommendation, and he stated 6-months, 5-years probation with Y/O. Defendant Pesce stated he will give me one year in jail and would consider Y/O only if probation recommended it. Defendant Green nor my attorney nerve objected or stated that the only reason I pleaded guilty was based upon the sentencing agreement/promise of ADA Green which was for 6-months, 5-years probation with Y/O.

17. Plaintiff never had any discussion and/or plea agreement with defendant Pesce in regards to changing his plea to guilty in exchange for a sentence of one year in jail, plaintiff's sentencing agreement was made with defendant Green and Butchen.

18. Plaintiff was seen by the probation department and he stated that he did not commit the crime and only pleaded guilty

7

because Defendant Green and his attorney stated that he would be allowed to go home after pleading guilty, and he had given his lawyer the names of his witnesses and the guys who were said to have committed the crime, and was never given the sentence that I was promised by Defendant Green and Butchen.

19. Plaintiff was taken back to the county jail and called his aunt who told him that she and his grandmother spoke to defendant Butchen after court was over and asked him why I was not allowed to go home and given the plea deal defendant Butchen said I would get, and Mr. Butchen stated that he had no idea why the Judge changed his mind, and the Judge was on board with the plea deal initially and he will look into it. When I called Mr. Butchen, I was told the same thing as to the judge being on board with the plea deal and did not know why he changed his mind.

20. On May 13, 1987, when I returned to court for sentencing, defendwnt Green was not present, and defendant Berk announced that he was taking over the case for defendant Green. It was proven that I was in fact on probation, and defendant Pesce never kept and/or honored his promise in allowing plaintiff to withdraw his guilty plea. Defendant Butchen never said anything nor did defendant Berk who took over for defendant Green. Plaintiff asked defendant Butchen why he was not given the plead deal defendant Green reprsenting the Kings County District Attorney's office promised that he would receive, and why the Judge did not withdraw the guilty plea. Defendant Butchen told plaintiff not to worry about it. Plaintiff stated to defendant Butchen that he wanted to appeal what was going on, and Butchen said that he will raise plaintiff's issues on appeal.

21. The judge ordered defendant Butchen to find out whether I sucessuflly completed probation on my previous case, and he would resentence me.

22. My aunt as well as myself spoke to defendant Butchen via telephone, and he assured me that an appeal had been filed and I would be hearing from the Court. Plaintiff never received any communication from the Court and Mr. Butchen never inquired as to whether I sucesfully completed probation on the previous case.

23. Plaintiff was released in February 1988, he never received any communication from the court and believed his appeal had been denied. It was only in the year of 2013, when plaintiff received the plea and sentencing transcripts, wrote to the courts for a disposition in the case, did he learn that an appeal and/or notice of appeal had never been filed. Plaintiff wrote letters to defendant Butchen concerning his case, requesting an affidavit concerning his actions/inactions, and defendant Butchen never responded.

24. Plaintiff was coerced and induced by defednat Green and Butchen into changing his plea to guilty for a promised sentence of 6-months, 5-years probation with Youthful Offender status. Plaintiff had no idea that the prosecution cannot induce him into changing his plea, entering into a contract/plea agreement with them and the agreement/contract honored, and his attorney was mandated to file a notice of apeal.

25. Plaintiff in his Error Coram Nobis filed March 2015, raised the issue of his attorney failing to file an appeal and a

notice of appeal and misleading plaintiff into believing an appeal was filed. Plaintiff motion was denied, and he appealed to the Court of Appeals which was also denied.

26. Plaintiff then submitted a motion pursuant to Criminal Procedure Law 440.10, to vacate the conviction based upon his plea counsel being ineffective in failing to conduct an investigation into plaintiff's case, misrepresenting the maximum term plaintiff could have received, failing to investigate plaintiff's alibi witnesses, file alibi notice and present alibi defense, coercing plaintiff into changing his plea, with the promise that the prosecution would give him a set sentence of 6-months, 5-years probation with youthful offender, plea counsel failing to object to the prosecution and the court's failure to honor their promises.

27. Plaintiff raised the issue of the prosecution misrepersentation by inducing plaintiff into changing his plea to guilty in exchange for a set sentence of 6-months, 5-years probation with Youthful Offender, and not honoring their plea agreement and contratc they entered into with plaintiff.

28. Plaintiff further raised the issue of defendant Pesce misrepresenting to plaintiff that he will allow plaintiff to withdraw his plea once it was confirmed that plaintiff was on probation for a previous case.

29. Plaintiff's motion to vacate his conviction was assigned to defendant Pesce. While the motion to vacate the conviction was pending before defendant Pesce, plaintiff filed a motion to vacate the sentence in December 2019, and this motion was assigned to defendant Pesce. Plaintiff motion to vacate the sentence was based

upon the prosecution and the judge failing to honor their promises. Defendant Pesce denied plaintiff's motions in a decision dated May 16, 2019, and May 31, 2019.

30. Plaintiff sought a certificate of leave to appeal in the Appellate Division, Second Department in his motion dated June 2019. The Appellate Division denied plaintiff's motion for leave to appeal, and never ruled on the merits of plaintiff's motion to leave to appeal, it was denied without any opinion and/or ruling on the merits. Plaintiff sought certificate of leave to appeal from the Court of Appeeals which was denied, he sought a petition of Habeas Corpus which was also denied due to the fact that plaintiff was not in custody on that case, however, plaintiff being in custody for the lenghty period is based on the case under indictment number 1985/86 being used to enhance plaintiff's sentence. Plaintiff has sought every possible avenue to have the prosecution and judge honor their promises and plea agreement fulfilling their promises.

31. The Kings County District Attorney's office, defendant Gonzales, Green and Berk owes plaintiff a constitutional obligation to honor their plea agreement and its performance/fulfillment of such plea agreement/promise since plaintiff's plea rested significantly on the plea agreement/contract promise for a specific sentence.

32. Defendant Butchen should have been aware of the relevant law that clearly states the prosecution cannot induce plaintiff into changing his plea based upon a promised sentence and not fulfill their promise/contract, as defendant Butchen should have

also been aware of the law that states a judge cannot cannot make a promise to a defendant and not honor and/or fulfill that promise. Ignorance of the law is no excuse for defendant Butchen, for defendant Butchen must know or should have learned about the relevant laws and evaluate its application to plaintiff's case.

33. Defendfant Green, Berk and/or the Kings County District Attorney's office employed their sentencing powers to induce plaintiff to tender a plea of guilty in exchange for a specific sentence of 6-months 5-years probation with Youthful offender status, and should have fulfilled their plea agreement/contract.

34. Defendant Gonzales holds the office of the Kings County District Attorney's office and is legally responsible for the overall operation and/or decisions as well commitments made by his predecessors and employees, and bears the responsibility of the plea agreement/contract and/or promise made by his office to plaintiff under indictment 1985/86. The failure for Defendant's Gonzales office to fulfill its promise and/or plea agreement/contract cause the violation of plaintiff's constitutional rights, for the Office of the Kings County District attorney negotiated a plea agreement/contract with plaintiff in bad faith, misrepresenting the office, inducing plaintiff to change his guilty plea for a specific sentence of 6-months, 5-years probation with youthful offenderthat was never fulfilled.

35. Plaintiff has made numerous attempts to have defendant Gonzales correct the constitutional violations his predecessors made, and at every turn, defendant Gonzales has refused to acknowledge the constitutional errors and or violations that his office made, and correct these errors and constitutional violations.

36. Plaintiff has also made every attempt to have defendant Pesce correct the errors that he made by his failure to honor his promise made to plaintiff and defendant Pesce has refused to correct his error, as all of plaintiff's motions challenge the sentence and conviction was assigned to defendant Pesce, who has denied plaintiff's motions.

## FIRST CAUSE OF ACTION

Defendants Green, Butchen, Berk and the Kings County District Attorney's Office Gonzales acting alone or/and in conjunction with each other knowingly misrepresented to Plaintiff entering into a plea agreement/contract for an agreed sentence that induced Plaintiff to change his plea to guilty, and failed to fulfill the plea agreement/contract under indictment 1985/86causing plaintiff's conviction and sentence to be illegal and unconstitutional, which said conviction has and is being used to enhance plaintiff's current sentence.

## SECOND CAUSE OF ACTION

Defendant Pesce knowingly misrepresented to plaintiff that he would be allowed to withdraw his guilty plea under indictment 1985/86 if it was discovered that plaintiff was on probation for another matter, making plaintiff's conviction and sentence illegal and unconstitutional, which has and is being used to enhance plaintiff's previous and current sentence.

## THIRD CAUSE OF ACTION

Defendant Pesce entered into a contract with Plaintiff, knowingly mislead and misrepresenting to plaintiff that he would be allowed to withdraw his guilty plea, once it was confirmed that Plaintiff was on probation for another matter0, causing the conviction and sentence to be illegal and unconstitutional, which has and is being used to enhance plaintiff's previous and current sentence.

## FOURTH CAUSE OF ACTION

Defendant Green, Berk, and Gonzales, the Kings County District Attorney's Office, knowingly entered into a plea agreement/contract with plaintiff under indictment 1985/86, inducing him to change his plea to guilty for a specific sentence they had no intention on honoring and/or fulfilling, causing plaintiff's sentence and conviction to be illegally and unconstitutionally obtained, violating his constitutional rights which said conviction has and is being used to enhance plaintiff's current sentence.

## FIFTH CAUSE OF ACTION

Defendant Pesce knowingly entered into a verbal contract with Plaintiff and breaking said contract by promising plaintiff that he would be allowed to withdraw his guilty plea once it was confirmed that plaintiff was on probation for another matter, and when it was confirmed, Defendant Pesce never honored his promise, refusing to correct his error causing the violation of plaintiff's constitutional rights making the conviction and sentence illegal and unconstitutional, which is and has been used to enhance plaintiff's current sentence.

## SIXTH CAUSE OF ACTION

Defendants Green, Berk, Kings County District Attorney's Office, and Butchen working alone and/or in conjunction with each other, knowingly entered into a contract with plaintiff, inducing him to change his plea to guilty under indictment 1985/86, in exchange for a set sentence that was never fulfilled, breaking their contract and/or plea agreement with plaintiff causing the violation of plaintiff's constitutional rights, making his sentence and conviction illegal and unconstitutional, which has and is being used to enhance plaintiff's current sentence.

## SEVENTH CAUSE OF ACTION

Defendant Butchen knowingly failed to make himself aware of relevant laws that states the prosecution and the Court cannot make promises to plaintiff and not fufill these promises, causing plaintiff's conviction and sentence to be illegal and unconstitutional, which has been and is being used to enhance plaintiff's current sentence.

## EIGHTH CAUSE OF ACTION

Defendant gonzales, knowingly refuses to fufill the plea agreement.contract that his predecessors made to plaintiff under indictment 1985/86, which cause plaintiff's conviction and sentence to be illegal and unconstitutional, which has been and is being used to ewnhance plaintiff's current sentence.

ACTION REQUESTED

Pursuant to Rule 8, subd, A93) of the Federal Rules of Civil Procedures by form of intentional, deliberate, misleading Acts:

Plaintiff never received the agreed upon sentence that he entered a contract and/or plea agreement for with the defendants Green, Berk, Gonzales predecessors of the Kings County District Attorney's Office and Mr. Butchen, as well as the promise made by defendant Pesce, causing plaintiff's conviction and previous and current sentence to be unconstitutional and illegal, that lead to the conviction being used to enhance plaintiff's sentence, confining him in prison with a lengthy sentence based upon the illegal, unconstitutional conviction and sentence.

Defendant's Butchen's ineffectiveness when he intentionally mislead plaintiff and inducing him into entering into a contract and/or plea agreement defendant Butchen knew would not be fulfilled, as well as failing to conduct any investigation into plaintiff's case and prior case to determine whether he received probation for said prior case, and misleading plaintiff into believing an appeal had been filed, failingto make objections and have the prosecution and the Court honor their promises made to plaintiff, failing to learn and know the relevant laws that states the prosecution and the Judge cannot make promises to plaintiff and not honor their promises, which rendered the conviction illegal and unconstitutional which was used to enhance plaintiff's sentence, leaving plaintiff to be in prison for a lengthy time.

INJUNCTIVE RELIEF

Plaintiff request Defendants Green, Berk, Pesce and Gonzales the Kings County District Attorney fulfill their promises made to plaintiff to obtaint the conviction and sentence under indictment number 1985/86.

Plaintiff seeks compensatory damages in the amount of 2.5 Million dollars from defendant Butchen

TRIAL BY JURY AS WELL AS ANY OTHER RELIEF THIS COURT MAY DEEM JUST AND PROPER IN THE INTEREST OF JUSTICE.

Dated: June     , 2020

VERIFIED COMPLAINT

State of New York )
                  ) ss.:
County of Dutchess )

Eon Shepherd, plaintiff, being duly sworn, deposes and says:

I am the plaintiff in the above herein matter, and i have read the foregoing complaint, and know the contents thereof, the same is true to my knowledge and belief, except as to matters therein stated to be alleged on information and belief, and as to those matters plaintiff believe them to be true.

sworn to before me this

2 day of JUNE ,2020
NOTARY PUBLIC

EON SHEPHERD PLAINTIFF PRO SE
GREEN HAVEN C.F.
P.O. BOX 4000
STORMVILLE, NY 12582



```
                Mr. Eon Shepherd #96-A-0356
                Green Haven Correctional Facility
                P.O. Box 4000
                Stormville, NY 12582
                        June 4, 2020
```

Clerk of Court
United States District Court
Eastern District of New York
225 Cadaman Plaza East
Brooklyn, NY 11201
     Re: Shepherd v. Kings County District Attorney, et al.,

Your Honorable Clerk of Court:

    Please find enclosed for filing, prospective plaintiff's verified Complaint as well as poor persons.
    Thank you for your assistance in the herein matter.

                                    Respectfully yours,
                                    *Eon Shepherd*
                                    EON SHEPHED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 15 2020 ★
BROOKLYN OFFICE



RECEIVED
JUN 15 2020
PRO SE OFFICE

GREEN HAVEN CORRECTIONAL FACILITY
PO BOX 4000
STORMVILLE, N.Y. 12582

CLERK OF COURT
United States District Court
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
Brooklyn, New York 11201



USMS

NEOPOST 06/10/2020
US POSTAGE $001.80
ZIP 12582
041L11259010