UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

EON SHEPHERD,

                    Plaintiff,            **MEMORANDUM & ORDER**
                                          20-CV-2675(EK)(LB)

          -against-

KINGS COUNTY DISTRICT ATTORNEY
GONZALES, et al.,

                    Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          On June 15, 2020, Plaintiff Eon Shepherd, currently

incarcerated at Green Haven Correctional Facility, filed this *pro*

*se* action.  Shepherd challenges his Kings County conviction

(Indictment No. 1985/86) pursuant to 42 U.S.C. §§ 1983 and 1985.[1]

*See* Complaint, ECF No. 1 ("Compl.").  By Order dated December 3,

2020, the Court denied Plaintiff's application to proceed *in*

*forma pauperis* pursuant to the Prison Litigation Reform Act,

28 U.S.C. § 1915(g) (the "three-strikes" provision), and directed

Plaintiff to pay the filing fee within thirty days.  ECF No. 5.

After the docket reflected Plaintiff's failure to pay the filing

fee, the Court dismissed the action on February 5, 2021.  ECF No.

_____

          [1] Plaintiff also filed a petition for a writ of habeas corpus
challenging the same conviction, which was dismissed.  *See Shepherd v. Royce*,
No. 20-CV-602 (E.D.N.Y. Mar. 19, 2020).

6.  He now moves for reconsideration of the Court's Order.  *See*
ECF No. 7.  As set forth below, Plaintiff claims that he actually
did pay the fee, though the payment was not reflected on the
docket.  *Id.*  For the reasons that follow, I grant Plaintiff's
motion for reconsideration, but nevertheless proceed to dismiss
the Complaint for failure to state a claim upon which relief can
be granted.

## I.   Background

Plaintiff challenges his 1987 Kings County conviction
for criminal possession of a weapon and attempted robbery in the
second degree.  Compl. at 5-7.  He alleges that the Kings County
District Attorney's Office, his attorney, and the sentencing
judge all misled him into believing that if he pleaded guilty, he
would serve a six-month term of incarceration with five years of
probation to follow.  *Id.* at 6-7.  Plaintiff was actually
sentenced, however, to a term of one year.  *Id.* at 7.  He asserts
that this term of incarceration was "illegal" and
"unconstitutional."  *Id.* at 13.  He requests that the Defendants
"fulfill their promises" regarding his sentence, and also pay him
$2.5 million in damages.  *Id.* at 16-17.

## II.  Legal Standard

A complaint must plead "enough facts to state a claim
to relief that is plausible on its face."  *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A court must construe a *pro se* complaint with "special solicitude" and interpret it to raise the "strongest arguments that [it] suggest[s]." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).  The "special solicitude" in *pro se* cases "has its limits," however; to state a claim, *pro se* pleadings "still must comply with Rule 8 of the Federal Rules of Civil Procedure." *Amison v. Fox News Channel*, No. 20-CV-4924, 2020 WL 4506023, at *1 (S.D.N.Y. Aug. 4, 2020).

### III. Discussion

A.   **Motion for Reconsideration**

As noted above, the Court initially denied Plaintiff's motion for failure to pay the filing fee.  In his motion for reconsideration, Plaintiff asserts that he actually did submit payment to the Court.  A searching review of the record reveals that Plaintiff did indeed make the payment; he simply neglected to include the docket number for this case.  The Clerk's Office, it turns out, had noted the payment despite the omission, and

directed Plaintiff to clarify whether the fee was intended for this action or another.  Plaintiff alleges that he responded to this directive.  Though the Clerk's Office has no record of such a response, I grant the motion for reconsideration in light of the impact the pandemic has had on the operations of the Clerk's Office and Postal Service, and also given Plaintiff's *pro se* status.

**B.    Statute of Limitations**

Nevertheless, Plaintiff's complaint is barred by the statute of limitations.  Section 1983 itself does not provide a statute of limitations; instead, "courts apply the statute of limitations for personal injury actions under state law."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  For Section 1983 actions filed in New York, the applicable statute of limitations is in Section 214 of the Civil Practice Law and Rules, which allows three years to file suit.  N.Y. C.P.L.R. § 214.  This clock runs from the time that the plaintiff "knows or has reason to know of the injury which is the basis of his actions."  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002).

Here, Plaintiff obviously learned the relevant facts at the time of his sentencing in 1987, when he received a sentence that exceeded his expectation.  He attributes the ensuing delay to the fact that his defense attorney allegedly assured him that he had filed an appeal raising the fraudulent inducement

4

argument.  *See* Compl. at 9.  Plaintiff claims to have first learned that his attorney never filed an appeal in 2013.[2]  *Id.* Even putting aside the facial implausibility of Plaintiff's belief that his appeal was pending for nearly thirty years, his complaint is still untimely, as it was filed more than three years after the conclusion of 2013.[3]

## IV.  Conclusion

Accordingly, the Court grants Plaintiff's motion for reconsideration and directs the Clerk of Court to re-open this action.  The Clerk of Court shall docket Plaintiff's payment of $400.  As set forth above, however, the Complaint is dismissed for failure to state a claim.

---

[2] Plaintiff filed an untimely writ of error coram nobis, which was denied.  *People v. Shepard*, 133 A.D.3d 620 (2d Dep't 2015).

[3] Even if Shepherd's complaint was timely filed, it would still be dismissed in its entirety.  He cannot state a claim against Justice Pesce because judges have absolute immunity from suit for acts performed in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  He cannot state a claim against the District Attorney defendants because they, too, generally receive absolute immunity for damages claims.  *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147-48 (2d Cir. 1995).  Plaintiff cannot assert claims for injunctive relief because he may not adjudicate the legality of past conduct, and these defendants clearly lack the authority to affect Plaintiff's sentence.  *See Clark v. DiNapoli*, 510 F. App'x 49, 51 (2d Cir. 2013); *Smith v. Artus*, No. 07-CV-1150, 2015 WL 9413128, at *13 (N.D.N.Y. Dec. 22, 2015). Finally, he cannot state a claim against his defense attorney because private attorneys do not act under color of state law when they perform traditional functions of counsel, *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997), and he has alleged no facts to suggest a conspiracy with the government to inflict unconstitutional injury.  *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002).

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.


/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:     August 5, 2021
           Brooklyn, New York